PARK PLACE DISCOUNT COMPANY, A CORPORATION, PLAINTIFF, v. ELIZABETH WEISZMILLER AND ANTON WEISZMILLER. DEFENDANTS.

Decided August 2, 1937.

Before Justice CASE sitting alone pursuant to the statute.

For the prosecutor, *Morris H. & Charles E. Cohn.*

For the defendant Anton Weiszmiller, *Aaron Kaufman.*

For the respondents John F. Toth, Helen Toth and Linden Trust Company, *John Fedor, Jr.*

CASE, J.   Plaintiff holds a judgment against Anton Weiszmiller upon which execution has issued.   Under the execution the sheriff of Union county levied upon all moneys in the hands of Linden Trust Company due or to become due Anton Weiszmiller under a certain building contract.   Likewise, the sheriff of Middlesex county, under execution issued to him, levied upon payments due or to become due to Weiszmiller under the said contract, John F. Toth and Helen Toth.   It appears that the contract was entered into between John F. Toth and Helen Toth, as owners, and Edward A. S. Weiszmiller, as contractor; that the Linden Trust Company undertook to loan $4,400 to the said Toths under an installment construction mortgage; that Edward A. S. Weiszmiller is the son of Anton Weiszmiller and was the agent of the latter to the extent that the contract on behalf of the building contractor was really that of the defendant Anton Weiszmiller.   The contract price was $5,545, of which all

but $2,045 has been paid. $1,400 of the mortgage money is still in the hands of the trust company awaiting progress in the work. Up to and including the completion of the building the further sum of approximately $2,075 will become due to laborers, subcontractors and materialmen for which stop-notice liens against the contract sum may be served.

On this showing plaintiff seeks to have a receiver appointed under the 1915 supplement to the Execution act. *Pamph. L.* 1915, *ch.* 115; 2 *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 1205, § 71-9a.

According to the proofs, the profit, if any, of the Weisz-millers will be very slight. There is no proof that it will exceed Anton Weiszmiller's legitimate and minimum living requirements. The Toths made the contract in good faith. Justice to them requires that no action be lightly taken on the request of the plaintiff which will bring but little advantage to the latter and which will jeopardize the entire contract of the former. Laborers, materialmen and subcontractors will, if they bring the work to the stage where the mortgage funds will be released, have legal claims. The authority of a receiver under the statute to enter upon the completion of a contract on behalf of the judgment debtor is not clear. His appointment is a matter of discretion. The propriety, if not the legality, of diminishing the funds available for prospective lien claimants in order to meet the allowances to and expenses of a receiver under the judgment is at the least questionable. Further, the Toths and the trust company deny indebtedness to Anton Weiszmiller; therefore one of the statutory prerequisites to the making of an order upon the garnishee seems to fail.

Apparently the only one to profit from the appointment of a receiver would be the receiver; so I deny the application. The facts do not justify an order to pay to the sheriff.

The rule will be dismissed.